UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HILL, Personal Representative
of the Estate of Stewart Hill, Deceased,

    Plaintiff,

v.

IONIA, COUNTY OF, et al.,

    Defendants.
_____/

Case No. 1:22-cv-320

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff Gregory Hill, as the Personal Representative of the Estate of Stewart Hill, initiated this civil rights action pursuant to 42 U.S.C. § 1983 arising from Hill's death while Hill was being held in the Ionia County Correctional Center on March 22, 2019. Defendants Ionia County, Jack Shattuck (Chairman County Board of Commissioners), Jon Hess (Jail Administrator), and Sheriff Charlie Noll (collectively, "the County Defendants") filed a motion to dismiss.[1] The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that the Court grant the County Defendants' motion and dismiss the County Defendants from this case. The matter is presently before the Court on Plaintiff's two Objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and

---

[1] Defendants Mary Simison, R.N.; Mid-Michigan Correctional Care, P.C.; Andrew Messenger, D.O.; and Clinton County Medical Center filed Answers to Plaintiff's Complaint.

Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

***First Objection.*** Plaintiff's objections to the Report and Recommendation address only dismissal of his claims against Ionia County.[2] First, Plaintiff objects to the Report and Recommendation as "ambiguous" because the Magistrate Judge did not address Plaintiff's cause of action against Ionia County under Michigan medical malpractice law (Pl. Obj., ECF No. 50 at PageID.454). Specifically, Plaintiff argues that Ionia County is liable "for its actual and/or ostensible agents whose medical negligence led to the death of Plaintiff's decedent" under the medical treatment exception to section 7 of the Governmental Tort Liability Act (GTLA), MICH. COMP. LAWS. § 691.1401, *et seq.* (Pl. Obj., ECF No. 50-1 at PageID.465).

As the County Defendants argue in response, the Magistrate Judge addressed Plaintiff's state law claims and "determined that, as pleaded, Count II was asserted against co-defendants Mid-Michigan Correctional Care P.C., Clinton Correctional Care Clinic, RN Simison, and Dr. Messenger—not the Ionia County Defendants" (Resp., ECF No. 51 at PageID.483–484; *see* R&R, ECF No. 48 at PageID.441–442). After setting forth the legal framework for deliberate indifference claims, the Magistrate Judge summarized Plaintiff's claim against Ionia County in the following manner:

> The gist of plaintiff's claim is that defendants violated decedent's federal constitutional rights because: Ionia County entered into a medical services contract; defendants Shattuck, Hess, and Noll were the "overseers" of that contract: and the contracted medical providers were deliberately indifferent to Mr. Hill's serious medical needs.

---

[2] The Magistrate Judge also determined that Plaintiff failed to state a federal constitutional claim against Defendants Shattuck, Hess, and Noll in their individual and official capacities and that they were entitled to qualified immunity (R&R, ECF No. 48 at PageID.446, 448, 449). Plaintiff does not object to those portions of the Report and Recommendation.

(R&R, ECF No. 48 at PageID. 448) (citing Compl. at PageID.7–8).  The Magistrate Judge explained that Plaintiff's allegations appeared to "conflate the federal constitutional violation with common law negligence or medical malpractice" and determined that Plaintiff's allegations "d[id] not support a claim for a federal constitutional violation" against Ionia County (*id.* at PageID.441, n.1, 448) (citing Compl. at PageID.13).  Plaintiff's objection fails to demonstrate any factual or legal error in the Magistrate Judge's determination that Plaintiff's claim against Ionia County was limited to the federal constitutional violation asserted in Count I.  Even assuming there was error in the Magistrate Judge's Order, this Court's independent review of the record shows that Plaintiff's agency argument and reliance on the GTLA medical treatment exception in his instant objection do not suffice to state a claim for medical malpractice or medical negligence against Ionia County based on the actions of private, independent contractors (*see* Resp., ECF No. 51 at PageID.484–485).  Plaintiff's first objection is properly denied.

***Second Objection.***  Plaintiff next argues that the Magistrate Judge's recommendation that Ionia County be dismissed was in error as "[t]he County can be held directly liable … if, as Plaintiff pleaded …, it has a policy or custom of medical indifference to serious medical issue" (Pl. Obj., ECF No. 50 at PageID.455).  Plaintiff argues that the Magistrate Judge "misapprehend[ed] Plaintiff's actual claim against the County" because "[t]he County allowed the outside contractor to set the policy, which thereby became the County's policy[,]" which "was designed to allow for deliberate indifference in the face of predictable emergencies arising on weekends and off hours" (*id.* [ECF No. 50-1] at PageID.469).

As the County Defendants argue in response, Plaintiff's objection fails to demonstrate any factual or legal error by the Magistrate Judge (Resp., ECF No. 51 at PageID.486–487).  Specifically, Defendants argue that Plaintiff "fails to articulate with specificity how the Magistrate

3

Judge erred" and "merely reasserts the arguments previously raised … that the existence of the medical services agreement adequately states a claim against Defendant Ionia County" (*id.*).  The Court agrees.

The Magistrate Judge addressed the relevant legal standard for deliberate indifference claims against municipalities and determined that Plaintiff's allegations failed to state a claim against Ionia County for deliberate indifference (R&R, ECF No. 48 at PageID.444–445, 448); *see Winkler v. Madison Cnty.*, 893 F.3d 877, 901 (6th Cir. 2018) ("[I]t is not unconstitutional for municipalities and their employees to rely on medical judgments made by private medical professionals responsible for prisoner care[.] … Where the identified policy is itself facially lawful, the plaintiff must demonstrate that the municipal action was taken with deliberate indifference as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice.") (internal quotations and alteration omitted).  This Court's review of the record shows that Plaintiff has failed to state "factual allegations plausibly demonstrating a pattern of prior unconstitutional conduct by the medical providers such that the County was on notice," and therefore, Plaintiff "fails to plead a claim against the County" (Resp., ECF No. 51 at PageID.487); *see Winkler*, 893 F.3d at 902.  Plaintiff's second objection is properly denied.

***Request to Amend.***  Last, Plaintiff states, "[i]f Plaintiff's complaint cannot be understood to raise [a] claim against the County, Plaintiff respectfully requests that it be provided the opportunity to amend" (Pl. Obj., ECF No. 50-1 at PageID.469) (citing Fed. R. Civ. P. 15(a)(2)). In response, the County Defendants argue that Plaintiff's request for leave to amend should be denied because Plaintiff fails to demonstrate good cause for the improper and untimely request (Resp., ECF No. 51 at PageID.487).

Plaintiff fails to provide a proposed amended complaint.  *See* W.D. Mich. LCivR 5.7(f). Plaintiff also fails to provide any argument or facts as to how an amended complaint will potentially cure the pleading deficiencies.  Therefore, the Court, in its discretion, denies Plaintiff's cursory request for leave to amend.  *See Crosby v. Twitter, Inc.*, 921 F.3d 617, 627–28 (6th Cir. 2019) (affirming dismissal with prejudice where plaintiffs included only "a cursory request" to amend in response to motion to dismiss and did not move for leave to file a second amended complaint nor "explain how a second amended complaint would resolve the problems in the first amended complaint").

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 50) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 48) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 12) is GRANTED.

Dated:  February 9, 2023                                      /s/ Jane M. Beckering
                                                                                    JANE M. BECKERING
                                                                                    United States District Judge